[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISCHARGE LIS PENDENS
Because of the concerns of counsel and their assurances that time was of the essence in the resolution of this issue, the court will not engage in a detailed discussion of the facts and of the testimony which consumed several court days. CT Page 6470
It is the conclusion of the court that the plaintiff has clearly established probable cause to sustain its claim that the defendant Schnip Development Corporation (SDC), via a series of transfers and other actions, arranged to leave itself an empty shell in order to avoid its legal responsibilities to the plaintiff and to substantially defraud it.
This pattern commenced with the execution of the agreement to purchase the plaintiff's property, when, threatened with a zoning appeal by the plaintiff, and determined to forestall such a threat, SDC (to all intents and purposes, John Schnip) agreed to purchase the P L parcel. The court found it significant that Mr. Schnip admitted SDC paid too much for the property and was not financially able to perform the agreement at the time. The court notes that the SDC undertaking went into default at the point where Mr. Schnip's personal guaranty concluded.
SDC was insolvent after the transfers to the limited partnerships (all of which were, in reality, John Schnip). On this issue, the court is inclined to accept the plaintiff's evidence offered by Norman Benedict, a well known and established real estate expert, to the effect that at the time of the SDC transfers of the development rights to the limited partnership, these rights were extremely valuable. They were transferred for a fraction of their worth.
With respect to SDC, the limited partnerships, the property purchase agreement and all of the activities of the developer, John Schnip was the person who made all the decisions and "called the shots." He was in fact self dealing throughout this period.
The court is satisfied that the plaintiff has established probable cause that the transfers in question were fraudulent under the Connecticut Statute in effect in 1989 (when the purchase agreement was signed and the disputed transfers made) and under our 1991 Uniform Fraudulent Transfer Act.
The motion to discharge the lis pendens is denied.
Anthony V. DeMayo, Judge